UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PREMIUM CAPITAL FUNDING,
LLC, A New York Limited
Liability Company,

        Plaintiff,

   v.

AR HOME LOANS, INC., a
California corporation,
TIMOTHY BARRON, an
individual, and AMERICAN
MUTUAL FINANCIAL SERVICES,
a California corporation,

        Defendants.
_____/

NO. CIV. S-07-1185 LKK/EFB

O R D E R

**I. Background**

This case involves an allegedly fraudulent real estate and mortgage loan transaction that induced plaintiff, Premium Capital Funding ("PCF"), into funding mortgage loans based on materially false information and documentation and the omission of material information. The defendants in this action are AR Home Loans, Inc. ("AR"), Timothy Barron, and American Mutual Financial Services. Pending before the court is AR's motion to

1

1 dismiss.

2   AR submitted the mortgage application that PCF allegedly relied upon when funding the loans.  Pursuant to its June 2006 Mortgage Broker Agreement with PCF, AR warranted the accuracy of the information contained in the application.  Compl., Ex. A, ¶ 13(d)-(e).  PCF alleges that contrary to this warranty, the loan application contained false information.  With respect to AR, PCF has brought causes of action for breach of contract, negligence, and negligent misrepresentation.[1]

   The court resolves the motion on the parties' papers without oral argument.  For the reasons explained below, the motion is denied.

## II. Standard

   On a motion to dismiss, the allegations of the complaint must be accepted as true.  See Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.; see also Wheeldin v. Wheeler, 373 U.S. 647, 648 (1963) (inferring fact from allegations of complaint).

---

[1] In its opposition, PCF dismissed its claim for fraud with respect to AR.

1  In general, the complaint is construed favorably to the
2  pleader. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The
3  court may not dismiss the complaint if there is a plausible,
4  reasonably founded hope that the plaintiff may show a set of
5  facts consistent with the allegations. Bell Atlantic Corp. v.
6  Twombly, 127 S. Ct. 1955, 1967-69 (2007). In spite of the
7  deference the court is bound to pay to the plaintiff's
8  allegations, however, it is not proper for the court to assume
9  that "the [plaintiff] can prove facts which [he or she] has not
10 alleged, or that the defendants have violated the . . . laws in
11 ways that have not been alleged." Associated General
12 Contractors of California, Inc. v. California State Council of
13 Carpenters, 459 U.S. 519, 526 (1983).

### III. Analysis

**A. Breach of Contract**

First, AR argues that "[t]he First Cause of Action, Breach of Contract [] is bad, because it does not allege any facts showing that AR breached the contract." Mot. at 9. To the contrary, however, plaintiff alleges that AR breached the contract because the contract specified that AR warranted the information contained in the mortgage application, and that the information ultimately submitted was false. This is sufficient to state a claim for breach of contract.

**B. Negligence**

Second, AR argues that it is only subject to liability for its own conduct as a broker, rather than the actions of its

3

1  principal.  PCF's allegation, however, is targeted toward AR's
2  own conduct in reviewing the mortgage application and then
3  warranting the allegedly false information contained therein.
4  Accordingly, the complaint sufficiently states a claim for
5  negligence.
6  **C. Negligent Misrepresentation**
7       Third, AR argues that this cause of action has not been
8  pleaded with particularity.  Only allegations of fraud or
9  mistake must be pleaded with particularity, Fed. R. Civ. P.
10 9(b), not general negligence or negligent misrepresentation
11 claims.  PCF alleges that AR knew or should have known of the
12 false information contained in the application because it
13 accepted the pre-prepared loan application package.  Compl. ¶
14 17.  This too sufficiently states a claim.

## IV. Conclusion

16      The motion to dismiss is DENIED.
17      IT IS SO ORDERED.
18      DATED:  October 2, 2007.

                         _____
                         LAWRENCE K. KARLTON
                         SENIOR JUDGE
                         UNITED STATES DISTRICT COURT

4