UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PREMIUM CAPITAL FUNDING,
LLC, A New York Limited
Liability Company,

        NO. CIV. S-07-1185 LKK/EFB

    Plaintiff,

  v.                         O R D E R

AR HOME LOANS, INC., a
California corporation,
TIMOTHY BARRON, an
individual, and AMERICAN
MUTUAL FINANCIAL SERVICES,
a California corporation,

    Defendants.
_____/

    Pending before the court is defendant's motion for a new trial. Because this case was resolved at summary judgment, the court construes the motion as a motion for reconsideration. See Davis v. Matthews, 450 F. Supp. 308, 318 (E.D. Cal. 1978). The court considers the motion on the papers and denies it.

### I. BACKGROUND AND FACTS

    This case involves an allegedly fraudulent real estate and mortgage loan transaction that induced plaintiff, Premium

1

1  Capital Funding ("PCF"), into funding mortgage loans based on
2  materially false information and documentation and the omission
3  of material information. The evidence tendered to the court
4  showed that three individuals were involved in preparing a home
5  loan application that included false or incomplete information,
6  which was then submitted to AR Home Loans, a mortgage brokerage
7  firm. AR accepted the application and submitted it to PCF; the
8  application contained the misrepresentations from the applicant
9  as well as additional misrepresentations from AR's mortgage
10 broker who handled the application. PCF then funded the loan.
11 Later, it learned of some of the misrepresentations and
12 eventually resold the loan to a secondary market investor at a
13 loss.
14     PCF brought suit against AR for, *inter alia*, breach of
15 contract, negligence, and negligent misrepresentation. On
16 October 22, 2008, the court granted summary judgment in
17 plaintiff's favor on the breach of contract claim and granted
18 summary judgment in defendant's favor on the negligence and
19 negligent misrepresentation claims.

## II. STANDARD[1]

21     "Under the 'law of the case' doctrine a court is generally
22 precluded from reconsidering an issue that has already been
23 decided by the same court, or a higher court in the identical

---

[1] In its motion, defendant cites the standard for an appellate court's review of the court's denial of a motion for a new trial, which is not relevant here.

2

1 case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir.
2 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993),
3 cert. denied, 508 U.S. 951 (1993)). Although motions to
4 reconsider are directed to the sound discretion of the court,
5 see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp.
6 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on
7 other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486
8 U.S. 1015 (1988), considerations of judicial economy weigh
9 heavily in the process. Thus, Local Rule 78-230(k) requires that
10 a party seeking reconsideration of a district court's order must
11 brief the "new or different facts or circumstances. . .which. .
12 . were not shown upon such prior motion, or what other grounds
13 exist for the motion." Generally speaking, before
14 reconsideration may be granted there must be a change in the
15 controlling law or facts, the need to correct a clear error, or
16 the need to prevent manifest injustice. See Alexander, 106 F.3d
17 at 876; see also Sch. Dist. No. 1J, Multnomah County, Oregon v.
18 AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Nunes v.
19 Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003).

20    Motions to reconsider are not vehicles permitting the
21 unsuccessful party to "rehash" arguments previously presented.
22 See Costello v. United States Government, 765 F. Supp. 1003,
23 1009 (C.D. Cal. 1991).  Nor is a motion to reconsider justified
24 on the basis of new evidence available prior to the court's
25 ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp.
26 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir.

3

1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

The defendant contends that the court erred in concluding that no reasonable jury could find that defendant did not breach the contract between it and the plaintiff.[2] Essentially, defendant argues that there is an ambiguity in the contract that requires resolution in defendant's favor, and that the court clearly erred by holding otherwise.

As a preliminary matter, the instant motion is a plain attempt by the defendant to relitigate the earlier motion. This is not a proper purpose for a motion for reconsideration. See Costello, 765 F.Supp. at 1009; Fay Corp., 651 F. Supp. at 309. The arguments put forth in the present motion may very well have aided the court in disposing of that motion. The defendant, however, had its opportunity to present those arguments and refrained from doing so. The court perceives no reason why giving defendant a second bite at the apple is appropriate now.

---

[2] The defendant also takes issue with the court's analysis of the plaintiff's negligence claim. This is odd, given that the court granted summary judgment in defendant's favor on this claim. The court therefore assumes that defendant included this analysis as relevant to the breach of contract claim, insofar as defendant seems to contend that the contract contained a scienter requirement for defendant's misrepresentations.

4

1     Moreover, even though defendant failed to raise the
2 ambiguity issue in its motion for summary judgment, the court
3 noted it *sua sponte* and addressed it in the October 22, 2008
4 order:

> Defendant argues that this requires a showing that AR was negligent. This interpretation of the contract is not supported. The plain language of the contract indicates that AR promised to deliver to PCF loan applications that were free from error and misrepresentations and that included all material facts, regardless of who prepared the loan application. Thomas Decl. ¶ 2, Ex. A at 3 ¶ 13.d-e. These provisions are not qualified by a requirement that AR know or should have known of the errors or omissions, which is notable particularly because the parties did include provisions in which AR's knowledge was an element. Compare Thomas Decl. ¶ 2, Ex. A at 3 ¶ 13.d-e with id. ¶ 13.g. Even if ambiguities in the contract existed, defendant has presented no evidence that the parties intended there to be a knowledge element in the provisions at issue.

14 Order at 10. Consequently, the court cannot conclude that it
15 committed clear error or that the October 22 order represents a
16 manifest injustice. The defendant had an opportunity to show
17 that the contract was ambiguous and that this ambiguity should
18 be read in defendant's favor. It did not make that showing. In
19 the instant motion, defendant has presented no evidence adequate
20 to meet the higher standard of reconsideration.

### IV. CONCLUSION

22     For the reasons stated herein, the court DENIES defendant's
23 motion for reconsideration (Doc. No. 70).
24     IT IS SO ORDERED.
25     DATED: December 1, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT